Present: Hassell, C.J., Koontz, Kinser, Lemons, Agee, and
Goodwyn, JJ., and Russell, S.J.

CHRISTA L. WRIGHT, AS PERSONAL
REPRESENTATIVE OF THE BENEFICIARIES
OF, AND ADMINISTRATOR OF, THE
ESTATE OF ANTHONY EDWARD WRIGHT                 OPINION BY
                                      SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 070614                          April 18, 2008

ROBERT K. MINNICKS, T/A
MINNICKS AUTO REPAIR, ET AL.

          FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                   John E. Wetsel, Jr., Judge

     In this appeal from a final judgment in an action for

wrongful death, the dispositive question is whether the trial

court erred in setting aside the original jury's verdict and

ordering a new trial.

                       Facts and Proceedings

     The facts concerning the decedent's accident will be

stated in the light most favorable to the plaintiff, the

prevailing party at trial.  The decedent, Anthony Edward

Wright, was operating a motorcycle on Route 645 in Frederick

County at mid-day on July 24, 2004.  Bernard W. Everhart, Jr.,

was operating a commercial tow truck belonging to Robert K.

Minnicks, t/a Minnicks Auto Repair (Minnicks), and was

Minnicks' employee.  Everhart backed the tow-truck out of a

private driveway into the highway in the path of Wright's

oncoming motorcycle.  Wright attempted to avoid collision with

the truck but fell from his motorcycle, sustaining head injuries that resulted in his death on the following day.

Wright's wife, Christa L. Wright, qualified as personal representative and administrator of his estate. She brought this action for wrongful death against Minnicks and Everhart. The case proceeded to a jury trial in which the court gave the following instruction to the jury:

INSTRUCTION NO. 29

If you find your verdict for the plaintiff, then in determining the damages to which she is entitled, you may consider, but are not limited to, any of the following which you believe by the greater weight of the evidence, were caused by the negligence of the defendants as damages suffered by the beneficiary.

(1) any sorrow, mental anguish, and loss of solace suffered by the beneficiary. Solace may include society, companionship, comfort, guidance, kindly offices, and advice of the decedent.

(2) any reasonably expected loss in income of the decedent suffered by the plaintiff; and

(3) any reasonably expected loss of services, protection, care, and assistance which the decedent provided to the plaintiff.

If you find your verdict for the plaintiff, you shall award damages for:

(1) any expenses for the care, treatment, and hospitalization of the decedent incident to the injury resulting in his death; and

2

(2)  reasonable funeral expenses.[1]

The jury found for the plaintiff and returned the following verdict:  "[E]xpenses for the care[,] treatment and hospitalization of the decedent, $10,534.18. Reasonable funeral expenses of $7,996.71. Compensatory damages for sorrow, mental anguish and solace[,] zero.  Compensatory damages for reasonable expected loss of income of the decedent and [for] services, protection, care, and assistance provided by the decedent, $942,535."

The defense filed a motion to set aside the verdict or to grant a new trial on the ground that the verdict, awarding zero damages for solace and sorrow, while awarding substantial damages for loss of income, services, etc., was inconsistent, indicating that the jury had misunderstood the facts or the law.[2]  The circuit court, relying on our holding in Johnson v. Smith, 241 Va. 396, 403 S.E.2d 685 (1991), granted the motion, set the verdict aside, and continued the case for a new trial on the issue of damages only.

---

[1] By agreement of counsel, a special verdict form was submitted to the jury, requiring the jury to itemize their awards for each of the foregoing elements of damages.

[2] At the same time, the plaintiff filed a motion for a new trial limited to the issue of damages for solace only.  The court denied that motion.

3

A second jury trial took place six months later, resulting in a verdict for the plaintiff in the same amounts for care, treatment and hospitalization and also for funeral expenses as were contained in the first verdict. The second verdict, however, awarded one dollar for solace and zero for loss of income, services, protection, care and assistance. The plaintiff moved to set the second verdict aside, and for a new trial on the issue of damages. The court denied that motion and entered final judgment on the second verdict.[3] We awarded the plaintiff an appeal. Because the first assignment of error, that the trial court erred in granting the defendants' motion to set aside the first verdict, is dispositive, we do not reach the remaining assignments of error.[4]

The defendants were permitted, over the plaintiff's objection, to introduce evidence that the marriage of Anthony and Christa Wright was failing at the time of Anthony's death.

---

[3] Because we decide that the court erred in setting aside the first verdict, the proceedings at the second trial are immaterial to this appeal. We therefore consider here only the incidents of the first trial.

[4] As an alternative argument under the first assignment of error, the plaintiff argues that the defendants' motion to set the first verdict aside was actually based on alleged insufficiency of the verdict due to its omission of damages for solace, and that only a plaintiff may attack a verdict for insufficiency. Because we find the first verdict to be supported by the evidence, we do not reach that issue.

One witness testified that he and Christa were having an affair during the month before Anthony's death, while Anthony and Christa were living apart.  Another witness testified that shortly before his death, Anthony had told her that he and Christa "were going to end it.  That it was a mutual thing. Neither one of them [was] happy. . . . He told me that they were gonna go see a lawyer to sign papers to be separated."

Christa Wright testified that she and Anthony were not separated, but that she had been staying at her parents' home for about three weeks to assist her mother, who was suffering from cancer.  She said that she and Anthony had a close relationship and that the parties had no intention of separating.  There were no children of the marriage.

Analysis

The circuit court expressed the view that our decision in Johnson v. Smith was controlling on the question of setting aside the first verdict.  In Johnson, a wrongful death case, the trial court refused to set aside a verdict for the plaintiff as inadequate.  The jury had returned a verdict for the plaintiff as follows:  to the decedent's widow, $50,000 for lost income, $20,000 for lost services and protection, $5788.45 for funeral expenses, and nothing for sorrow, mental anguish, and solace.  The jury awarded each of the decedent's children $30,000 for lost income and nothing for sorrow,

5

mental anguish and solace, and nothing for lost services and protection. Id. at 398, 403 S.E.2d at 686. There, we said:

> When we consider the other issues and see that the jury awarded Johnson's widow and children nothing for sorrow, mental anguish, and solace, we find it impossible to conceive of a rational basis for the denial. And when we observe that the jury awarded the children nothing for lost services and protection, we are unable to describe the denial as anything but incomprehensible. This action by the jury renders the entire verdict suspect and leads to the conclusion that the jury must have misconceived or misunderstood the facts or the law. Hence, the trial court erred in refusing to set the verdict aside.

Id. at 400-01, 403 S.E.2d at 687.

The evidence in Johnson showed that the decedent was a "model employee" with a wife and two young daughters. Id. at 397, 403 S.E.2d at 686. He was described as an "attentive father, 'the best,' and was often observed playing with his children 'in the yard.' He loved [his 11-year-old daughter] very much. [His 5-year-old daughter] was 'daddy's girl' and 'preferred to be with him most of the time.' He was handy with tools and 'just did everything' around the house." Id. at 398, 403 S.E.2d at 686. There was no evidence of marital discord.

It was on that record that we found, in Johnson, the jury's failure to award damages for sorrow, mental anguish and solace, to be "incomprehensible." Id. at 400, 403 S.E.2d at 687. Citing Smithey v. Refining Company, 203 Va. 142, 146,

6

122 S.E.2d 872, 875-76 (1961), we held that the trial court had erred in refusing to set the verdict aside.  Johnson, 241 Va. at 401, 403 S.E.2d at 687.  We remanded the case for a new trial.  Id. at 401, 403 S.E.2d at 688.

We did not announce, in Johnson, an inflexible rule that every verdict for a plaintiff in a wrongful death case, regardless of the evidence, must be set aside as inadequate or inconsistent if it fails to include an award for solace damages.  The verdict in Johnson was manifestly inconsistent because it contained awards for economic losses suffered by the survivors but denied them any compensation for sorrow, in the absence of any evidence to support such a denial.

Here, in contrast to the evidence in Johnson, there was evidence to support a finding by the jury that the Wrights' marriage was dysfunctional.  The trial judge, after the second trial, observed that both juries had found from the evidence that the marriage was in a state of "emotional bankruptcy" and in that respect, at least, the two verdicts were consistent.

There was a direct conflict in the evidence concerning the state of the Wrights' marriage at the time of the decedent's death.  The plaintiff contended that the marriage was continuing and successful, that husband and wife were devoted spouses and that they were not voluntarily separated. The defendants' evidence was that the Wrights were permanently

7

living apart, both were unhappy with their marriage and intended to "go see a lawyer [and] sign papers to be separated."[5]  It was entirely within the province of the jury to choose between these conflicting versions.  The jury was entitled to accept the defendants' evidence on this point in refusing to award damages for solace.

On the other hand, there was evidence to support a jury finding that the plaintiff was entitled to an award for loss of income.  Christa Wright testified that she was entirely dependant upon her husband for support.  The jury could reasonably infer that she could have continued to rely on him for support despite their separation.

The weight and credibility of the testimony of witnesses are solely matters for the jury.  Marks v. Ore, 187 Va. 146, 152, 45 S.E.2d 894, 896 (1948).  The jury may accept that part of the testimony it believes and reject that which it does not.  Belton v. Commonwealth, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958).  It is also within the exclusive province of the jury to draw any reasonable inferences from the evidence before it.  Virginia Heart Inst. v. Northside Electric Co., 221 Va. 1119, 1126-27, 277 S.E.2d 216, 221 (1981).  "The very essence of

---

[5] The court did not, in the first trial, permit the defense to argue that either of the parties intended to obtain a divorce.

[the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable. . . . Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Bly v. Southern Ry. Co., 183 Va. 162, 175, 31 S.E.2d 564, 570 (1944) (citations omitted).

## Conclusion

Unlike the situation in Johnson, there was sufficient evidence in the first trial of the present case to support all parts of the original verdict. The verdict was thus not internally inconsistent and does not compel the conclusion that the jury misconceived or misunderstood either the facts or the law. The circuit court therefore erred in setting it aside and ordering a new trial. Accordingly, we will set aside the second verdict, reinstate the original verdict and enter final judgment thereon here.

Reversed and final judgment.

9